```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**LORENZA EDWARD THOMPSON,**

    **Movant,**

**v.**                                  **Case No. 2:09-cv-01520**
                                          **Case No. 2:07-cr-00231**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 60, "Motion"), and Memorandum in support (# 65). By Standing Order (# 62), this action was referred to the undersigned for submission of proposed findings and recommendation for disposition.

Movant, Lorenza Edward Thompson ("Defendant"), is serving a sentence of 151 months, upon his guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), to be followed by a three-year term of supervised release. (Judgment in a Criminal Case entered June 5, 2008, # 43.) His direct appeal was dismissed based on the waiver of appeal contained in his plea agreement. United States v. Thompson, No. 08-4646 (4th Cir. Sept. 17, 2008). Defendant did not file a petition for a writ of certiorari.

The § 2255 Motion was signed by Defendant on December 11, 2008

[sic; 2009], and filed with the Clerk on December 18, 2009. Accordingly, Defendant's Motion was timely filed.

<u>Facts of the Case and Procedural History</u>

The facts are set forth in the presentence report ("PSR"). Law enforcement officers, using confidential informants, made controlled purchases of crack cocaine and powder cocaine from Defendant on April 5, 2007 (2.76 grams of crack) and May 3, 2007 (3.46 grams of powder). (PSR, ¶¶ 6-7, at 4.) Meanwhile six buys were made from Scott Albu between May 10 and June 7, 2007 (total of 6.4 grams of crack). <u>Id.</u>, ¶ 8. Albu agreed to cooperate with law enforcement and identified Defendant as his source. <u>Id.</u>, ¶ 9. Albu then made several controlled purchases of crack cocaine from Defendant during June, 2007. <u>Id.</u>, ¶¶ 10-13, at 4-5. On July 9, 2010, law enforcement officers, using confidential informants other than Albu, made another controlled purchase from Defendant. <u>Id.</u>, ¶ 14, at 5.

The information was presented to a federal grand jury which returned an indictment of Defendant on December 11, 2007. <u>Id.</u>, ¶ 16. When officers arrested Defendant at his residence, they observed contraband in plain view, obtained search warrants for his vehicle and apartment, and seized a 9 mm pistol with two loaded magazines plus additional ammunition, 38.7 grams of cocaine powder, 1.59 grams of crack cocaine, marijuana, digital scales, and $1,900 in twenties, fifties and hundreds. <u>Id.</u>, ¶¶ 16, 18. The report

contained information of other relevant conduct from October, 2005. Id., ¶¶ 19-21, at 6.

Defendant was arraigned and detained.  (## 12-13, 15.)  On February 20, 2008, Defendant pled guilty to distribution of a quantity of cocaine base.  (## 36-39.)  On May 22, 2008, Defendant, a career offender with two prior convictions for felony drug offenses, was sentenced as set forth above.  (Judgment in a Criminal Case, entered June 5, 2008, # 43.)

Grounds for Relief and Positions of the Parties

Defendant raises the following grounds for relief:

Ground one: Unknowing and involuntary waiver due to ineffective assistance of counsel.  Counsel failed to correctly explain the appeal waiver contained in Petitioner's plea agreement. When Petitioner inquired as to the meaning of the waiver, and what would happen if the Judge imposed an incorrect sentence, counsel explained that the waiver would not prevent Petitioner from filing an appeal.  During the plea colloquy, Petitioner again inquired about the waiver after the Court read the waiver provision. Counsel, however, again told Petitioner that the waiver was just a formality and that it would not prevent him from appealing any sentence that was not correct.  Had Petitioner known that the waiver did, in fact, preclude an appeal of his sentence, he would have never entered into an agreement that contained such a waiver, but would have insisted on either entering a guilty plea without a plea agreement or proceeding to trial to preserve his appeal rights.

Ground two: Ineffective assistance of counsel at sentencing.  Although counsel requested a variance at Petitioner's sentencing hearing based on the Supreme Court's decision in Kimbrough v. United States, counsel failed to properly make that argument. As a result, the Court failed to address the impact of Kimbrough on Petitioner's sentence. More specifically, counsel failed to argue that a 1-1 ratio would actually lower the Petitioner's advisory guidelines even though he is a

career offender. For example, while Kimbrough does not change the statutory maximum sentence Petitioner was exposed to, that is the very purpose of a variance. Here, had counsel argued that a 1-1 ratio would have reduced Petitioner's statutory maximum, and therefore his advisory guideline range under USSG 4B1.1, there is a reasonable probability that the Court would have granted the variance.

Ground three: Ineffective assistance of counsel at sentencing. Counsel failed to properly argue that the guidelines were merely advisory. While the advisory guidelines were discussed, counsel failed to argue that even the career offender guidelines were advisory and not subject to mandatory application. In fact, counsel argued that the career offender guidelines "was inflexible and remains inflexible." Notably, the Court recognized that only a small amount of drugs were involved in this case, and that the two priors forming the basis for the career offender enhancement also involved small amounts. Without the career offender enhancement, Petitioner's advisory guideline range was 46-57 months. With the career offender enhancement, however, Petitioner was exposed to a guideline range of over three (3) times greater. Had counsel properly argued for a variance, there is a reasonable probability that Petitioner's sentence would have been less.

Ground four: Ineffective assistance of counsel at sentencing. Counsel failed to properly argue for mitigation during sentencing. Since the Guidelines became advisory, there is almost no limit on what the Court can consider in mitigation. Here, Petitioner had a family with four children he was supporting and one new child on the way, which is a valid reason for mitigation. In addition, counsel failed to argue that Petitioner was a drug addict, and/or that he sold small amounts of drugs to support his habit, not to make money. Petitioner specifically asked counsel to raise a user argument, and to call his wife and family members to the stand to attest to his addiction. Counsel, however, refused to do so. Had counsel done so, there is a reasonable probability that Petitioner's sentence would have been less.

(# 60, at 4-8.) Defendant's Memorandum (# 65) is a well-written explanation of his grounds and includes Exhibit 1, his own

affidavit.

The Response (# 67) filed by the United States is a thorough refutation of Defendant's grounds for relief and includes Exhibit A, an affidavit by Defendant's attorney, Matthew A. Victor. The United States contends that Defendant has failed to provide any evidence that his counsel rendered constitutionally defective representation at any time during his representation. Defendant did not file a reply to the government's Response.

## **ANALYSIS**

Ineffective Assistance of Counsel Standard of Review

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. Id., at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. Id., at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id., at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. Id., at 697. In the context of a case in which a defendant pled guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1992).

Ground one - Voluntariness of Waiver of Appeal

Defendant signed his plea agreement on February 11, 2008, and entered his guilty plea on February 20, 2008. The waiver of appeal provision reads as follows:

> 9. **APPEAL OF SENTENCE.** The United States and Mr. Thompson knowingly and voluntarily waive their right to seek appellate review of the reasonableness of any sentence imposed by the District Court, so long as that sentence falls within the range established by the United States Sentencing Guidelines. This waiver, however, does not prevent either party from arguing for a sentence above or below the guidelines range at or before the sentencing hearing, nor does it prevent either party from seeking appellate review of the District Court's calculation of the guideline range, if an objection is properly preserved.

(# 38, at 4.)

At the guilty plea hearing, Judge Copenhaver conducted a thorough colloquy with Defendant to determine his understanding and willingness to plead guilty.  Defendant assured Judge Copenhaver that he understood everything in the plea agreement.  (Tr. Hrn'g, # 52, at 8.)  The agreement was read into the record, word for word, including paragraph 9.  Id. at 13.  Again Defendant assured Judge Copenhaver that he understood everything in the agreement.  Id. at 15.  Moreover, he expressed satisfaction with his attorney, Mr. Victor, and stated that he had spent a good deal of time with Defendant.  Id. at 24.  Judge Copenhaver took special pains to review the appeal waiver provision.  Id. at 26.

> Q. * * * Part of your agreement is that if the court sentences you to a term of imprisonment within the sentencing guideline range that applies in your case, that is, within that advisory range, you forever waive your right to appeal the reasonableness of that sentence. Do you understand that?
>
> A. Yes.

Id. Near the conclusion of the plea hearing, Defendant once again assured Judge Copenhaver that he understood all the proceedings that had taken place and that he wished to go forward with the guilty plea.  Id. at 30.  Judge Copenhaver found that Defendant entered his guilty plea "freely and voluntarily and with the full knowledge of the consequences of the plea, including the possible penalty the court may in this case impose."  Id.

In United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990),

the Fourth Circuit held that "a defendant who pleads guilty, and expressly waives the statutory right to raise objections to a sentence, may not then seek to appeal the very sentence which itself was part of the agreement."

In <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005), the Fourth Circuit noted its prior holding that where the United States seeks enforcement of an appeal waiver, and there is no claim that the United States breached its obligations under the plea agreement, "we will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver" (citing <u>United States v. Attar</u>, 38 F.3d 727, 731-33 (4th Cir. 1994)). The <u>Blick</u> decision further confirms that the "validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." <u>Id.</u> at 169. Such a determination is based on the facts and circumstances surrounding the case. <u>Id.</u>

Defendant, a career criminal, has twice before the instant case, pled guilty to a felony involving controlled substances. In 1993, he pled guilty in this Court to conspiracy to distribute cocaine base, was sentenced to serve 97 months, was released to supervised release, was revoked and sentenced to serve an additional 18 months. <u>United States v. Thompson</u>, No. 5:92-cr-00302 (S.D. W. Va.) (Hallinan, J.) (PSR, ¶ 41, at 8-9.) Defendant was

released on May 1, 2001.  Id.  Seven months later, Defendant was arrested for possession with intent to distribute cocaine and marijuana.  Id., ¶ 42, at 9.  In 2003, he pled guilty in the Circuit Court of Raleigh County, West Virginia, to possession with intent to distribute marijuana and sentenced to 1-to-3 years.

Defendant, with significant experience in the criminal justice system, participated in a lengthy and thorough colloquy in which he knowingly and voluntarily voiced his understanding of the terms of his plea agreement and expressed his desire to enter his guilty plea according to its terms, particularly the appeal waiver.  There is nothing in the colloquy which undermines Defendant's waiver of his right to appeal the reasonableness of a sentence to a term of imprisonment within the sentencing guideline range that applied to his case.  The undersigned proposes that the presiding District Judge **FIND** that Defendant was not denied effective assistance of counsel with respect to his waiver of his appeal rights.

Grounds two, three and four - Effectiveness at Sentencing

In these grounds for relief, Defendant claims that he was denied effective assistance of counsel at his sentencing because his attorney did not argue that a 1-to-1 ratio of crack to powder cocaine would have reduced his exposure (ground two), that the guidelines were merely advisory (ground three), and that Defendant was addicted to drugs and had a family who depended on him (ground four), making a variance appropriate.  Examination of the

transcript of the sentencing hearing reveals that Defendant's attorney made these arguments and that Defendant's claims lack merit.

Defendant was sentenced on May 22, 2008, in a hearing which lasted an hour. (Tr. Disp. Hrn'g, # 53.) Defendant's attorney presented argument on the applicability of Kimbrough v. United States, 552 U.S. 85 (2007), in which the Supreme Court held that district courts do not have to adhere to the 100-to-1 sentencing ratio creating the crack/powder cocaine disparity. Id., # 53, at 9-14, 18-19. Contrary to Defendant's allegations, his attorney did argue that if a 1-to-1 ratio were applied to his case, that the guideline range would be significantly lower. Id. at 9-10.

The reference to the guidelines as "advisory" appears throughout the record of the sentencing hearing. Id. at 11, 17, 20, 21, 28, 29. Defense counsel argued that due to the amount of drugs with which Defendant was involved, that a guideline sentence under the career offender category was not justified. Id. at 13. He specifically argued for a variance in the sentencing. Id. at 16, 18-20, 24.

The presentence report devoted three lengthy paragraphs to Defendant's addiction to controlled substances (PSR, ¶¶ 60-62), four paragraphs to his family relationships (¶¶ 53-56), and three paragraphs to his employment history (¶¶ 64-66). At the sentencing, Defendant's counsel introduced members of Defendant's

family.  (Tr., # 53, at 20-21.)

Based on the record, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not pointed to any act or omission of counsel at sentencing which was not well within the wide range of professionally competent assistance, that Defendant has failed to show that he was prejudiced in any way by his counsel's representation, and that Defendant was not denied effective assistance of counsel.  Accordingly, it is respectfully **RECOMMENDED** that Defendant's § 2255 Motion be dismissed.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

11

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit it to counsel of record.

September 28, 2010
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge